IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| IN RE | * |
| | *    Case No. 25-20691 NVA |
| KIMBERLY BARTENFELDER, | *    Chapter 13 |
|    Debtor. | * |
| | |
| THOMAS BARTENFELDER, | * |
|    Movant, | * |
| v. | * |
| KIMBERLY BARTENFELDER | * |
|    and | * |
| REBECCA A. HERR<br>CHAPTER 13 TRUSTEE | * |
|    Respondents. | * |

**MOTION FOR RELIEF FROM AUTOMATIC STAY TO CONTINUE
PROSECUTION OF NON-BANKRUPTCY LITIGATION AND FOR IMPOSITION OF
ONE YEAR BAR FROM RE-FILING IN THE EVENT DEBTOR'S BANKRUPTCY
<u>CASE IS DISMISSED</u>**

Thomas Bartenfelder (the "Movant"), by and through his undersigned counsel, pursuant to 11 U.S.C. § 362 and Federal Rules of Bankruptcy Procedure 4001 and 9014, files this Motion for Relief from Automatic Stay to Continue Prosecution of Non-Bankruptcy Litigation and for Imposition of a One-Year Bar from Re-Filing in the Event the Debtor's Bankruptcy Case is Dismissed (the "Motion") and, in support thereof, states the following:

**Introduction and Procedural Background**

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

2. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. On November 13, 2025, the Debtor commenced this case by filing a "bare bones" petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code (the "Petition Date").

4. This is the Debtor's **third** Chapter 13 case. Debtor's first case was filed on June 14, 2019, and dismissed on November 29, 2021. Debtor's second case was filed on January 29, 2025. Debtor was not able to obtain confirmation of a Chapter 13 Plan in her second case. Through the date of the filing of this Motion, Debtor's second case remained open but inactive.

5. Specifically, in Debtor's second Chapter 13, the Court (Alquist, J.) issued an Order Dismissing Bankruptcy Case, dated August 22, 2025, based upon, inter alia, Debtor's failure to comply with a series of deadlines regarding the filing of amended schedules and an amended Chapter 13 plan, and her failure to provide payment of an "overdue filing fee balance." [Dkt. No. 78] Debtor thereafter filed a Motion for Reconsideration of Order Dismissing Bankruptcy Case and Request for Hearing (the "Motion for Reconsideration") [Dkt. No. 82], on August 22, 2025. The Trustee subsequently filed an Opposition to Motion for Reconsideration of Order Dismissing Case (the "Trustee's Opposition") [Dkt. No. 83]. Pursuant to the Opposition, the Trustee asserted, in pertinent part, that the Debtor is not able to propose a feasible plan and "that there is no reasonable hope of reorganization." Trustee's Opposition at ¶5.

6. Movant filed his Opposition to Motion for Reconsideration of Order Dismissing Bankruptcy Case on September 3, 2025 (the "Opposition") [Dkt. No. 86]. In general, Movant

joined in and adopted the Trustee's Opposition as part of his Opposition to Debtor's Motion. Through November 24, 2025, no ruling had issued regarding Debtor's Motion for Reconsideration.

7. On September 26, 2025, Debtor filed an Emergency Motion to Avoid Fraudulent Transfer, Disallow Claim, Urgently Request to Reinstate Automatic Stay Pursuant to 11 U.S.C. §§544, 550, 502(b) and 362(d) (the "Emergency Motion") [Dkt. No. 89]. Movant filed his Opposition to Emergency Motion on October 6, 2025, and asserted, <u>inter</u> <u>alia</u>, that the Moton was procedurally improper and substantively without merit and should be denied. [Dkt. No. 90 ]. Through November 24, 2025, no ruling had issued regarding Debtor's Emergency Motion.

8. Movant submits that Debtor's third case was filed in bad faith and for an improper purpose. Just as in her second case, Debtor's third case is nothing more than **another** attempt to stay the multiple pending civil cases between the parties and have this Court relitigate purported claims that have been fully and finally adjudicated in state court cases. Debtor's attempt to obtain an additional round of litigation regarding matters that have previously been resolved in state court cases is without merit and should be rejected. In her second case, Debtor's repeated failures to meet several extended deadlines for the filing of Amended Schedules and an Amended Plan resulted in the entry of the Order Dismissing Bankruptcy Case on August 22, 2025. Debtor should not now be allowed to disregard the consequences of her repeated failures to meet the basic obligations of a debtor under Chapter 13 by filing a new case and obtaining the immediate benefit of the automatic stay in her pending state court litigation.

9. Debtor filed her **second Chapter 13 case** on January 29, 2025, on the eve of a hearing in connection with property settlement matters in the domestic action captioned *Thomas Bartenfelder v. Kimberly Bartenfelder*, Case Number 12-C-15-3264 (hereinafter "Domestic

Case"). Movant filed a Motion for Relief from Stay on February 4, 2025 seeking to terminate the stay and proceed with the pending state court litigation. [Dkt. No.12]. Following a hearing, the Court issued an Order dated March 10, 2025 terminating the stay and allowing the Domestic Case and related litigation to proceed. [Dkt. No.42]

10. The Domestic Case and related litigation, including appeals, have proceeded since the termination of the stay in the second case. The Domestic Case and related litigation between the Debtor and Movant have been pending for more than a decade, the conclusion of which has been interrupted now for a third time by Debtor's improper and bad faith filing of this case.

11. As demonstrated by the record in her two prior Chapter 13 cases, Debtor has no ability or serious intention of reorganizing. Rather, Debtor filed this case in bad faith, solely to interfere and delay the Circuit Court's resolution of the Domestic Case and several other matters pending in the Circuit Court and in the myriad appeals between the parties.

12. The pending cases between Debtor and Movant include the Domestic Case and the various other matters pending in the Circuit Court, including, without limitation, the business cases, *Thomas Bartenfelder v. Kimberly Bartenfelder*, Case No. 12-C-17-111 and *Kimberly Bartenfelder v. Bartenfelder Landscape Service, Inc., et al.*, Case No. 12-C-17-355, and a myriad of appeals lodged by Debtor, including *Kimberly Bartenfelder v. Thomas Bartenfelder*, Case Number ASA-REG 1138-2024; *Kimberly Bartenfelder v. Thomas Bartenfelder,* Case Number ASA -REG 1141-2024; *Kimberly Bartenfelder v. Thomas Bartenfelder*, Case Number ASA -REG 1375-2024; *Kimberly Bartenfelder v. Thomas Bartenfelder,* Case Number ASA -REG 2213-2024; *Kimberly Bartenfelder v. Thomas Bartenfelder,* Case Number ASA -REG 2214-2024; and *Kimberly Bartenfelder v. Thomas Bartenfelder,* Case Number ASA -REG 2215-2024 (collectively, the "Non-Bankruptcy Litigation").

13. Movant submits that Debtor has abused Court process; her current third bankruptcy is a continuation of the Debtor's abuse of process and abuse of court resources.

14. Specifically, provided the Debtor could successfully reorganize, there is no just reason to delay resolution of the Non-Bankruptcy Litigation. The Non-Bankruptcy Litigation needs to be resolved before the Debtor could propose a confirmable Chapter 13 Plan.

15. As stated, there is no good faith basis for the Debtor's current filing, particularly where her second Chapter 13 remains open. Should this bankruptcy case survive a motion to dismiss, which will follow this Motion, Movant seeks relief from the automatic stay to liquidate his claims and defenses in the Non-Bankruptcy Litigation between and /or concerning the Debtor and to cause the Non-Bankruptcy Litigation to be fully and finally resolved.

## Relief Requested

16. Upon the commencement of a petition filed under Title 11, Section 362(a) of the Bankruptcy Code imposes a stay of, among other things, the commencement or continuation of a proceeding against the debtor that was or could have been commenced before the petition date, and of any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate…. 11 U.S.C. § 362(a).

17. Not all acts are stayed upon the commencement of a petition in bankruptcy. Section 362(b) expressly excludes from the operation of the automatic stay certain acts, including:

> (b) The filing of a petition under section 301, 302, or 303 of this title … does not operate as a stay –
> 
> (2) under subsection (a) –
> 
>     (A) of the commencement or continuation of a civil action or proceeding –
> 
>         (i)    for the establishment of paternity;

      (ii)      for the establishment or modification of an order for domestic support obligations;

      (iii)      concerning child custody or visitation;

      (iv)      for the dissolution of marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate; or

      (v)      regarding domestic violence.

11 U.S.C. § 362(b).

18. Section 362(d) provides in relevant part:

On request of a party in interest after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d).

19. By this Motion, the Movant seeks relief from the automatic stay to allow the Non-Bankruptcy Litigation to proceed before the Circuit Court for Harford County and any applicable appellate court(s).

20. Under Section 362(d)(1), the Court shall grant relief from the automatic stay, such as by terminating, modifying, or conditioning such stay, for cause. "Cause", though not defined by Section 362(d)(1), is a flexible concept and courts conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay. *Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345 (4th Cir. 1992) (granting relief from the stay for state court to enter equitable distribution judgment in domestic proceeding because state court had special expertise, lifting of stay promoted judicial economy, and bankruptcy court retained jurisdiction over claim against bankruptcy estate); *Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997).

21. To determine if cause exists to lift the stay to allow pending litigation to proceed or continue in another forum, courts apply an equitable balancing test of the "potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." *Robbins*, 964 F.2d at 345. Ultimately, the decision whether to lift the stay is within the discretion of the bankruptcy court. *Id.*

22. The factors that courts consider in determining whether to lift the automatic stay include: (1) whether only issues of state law are involved, so that the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay would promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in the bankruptcy court; and (3) whether the estate can be protected by requiring that any judgment obtained be enforced only through the bankruptcy court. *Robbins,* 964 F.2d at 345; *see also Lee v. Anasti (In re Lee)*, 461 Fed. Appx. 227, 231-233 (4th Cir. 2012) (reciting and applying *Robbins* factors in case granting relief from stay as to state court litigation regarding real property ownership dispute).

### Cause Exists to Grant Relief from the Automatic Stay

29. The Non-Bankruptcy Litigation involves issues governed solely by state law and concerns a subject matter in which the expertise of the bankruptcy court is not required.

30. The lifting of the automatic stay to allow for the continuation of the Non-Bankruptcy Litigation will not prejudice the Debtor. Assuming *arguendo* that the Debtor genuinely seeks to reorganize her debts, issues in the Non-Bankruptcy Litigation must be resolved in some fashion in order for this bankruptcy case to proceed, and those issues are most efficiently decided in the Circuit Court and, to the extent applicable, any appellate court.

31. The balance of harms and judicial economy weighs decidedly in favor of the Movant. The Circuit Court is intimately familiar with the parties and the myriad of litigation pending between them since at least 2015. The Circuit Court has significant experience and specialized knowledge in resolving these types of disputes and is best positioned to hear all the Non-Bankruptcy Litigation. Further, the legislative history[1] to Section 362(d)(1) "emphasizes the importance of allowing a case to continue in the original tribunal so long as there is no prejudice to the estate." *In re The SCO Group, Inc.*, 395 B.R. 852, 857 (Bankr. D. Del. 2007).

32. As to the third factor, the estate is protected insofar as the Movant is merely seeking authority to liquidate his claims against the Debtor and property of the Debtor in the Non-Bankruptcy Litigation. Except for those judgments and decrees that are expressly accepted from the operation of Section 362(a) (*i.e. see* § 362(b), including, among other things, dissolution of marriage, custody, and support), the Movant will not enforce any judgments entered against the Debtor in the Non-Bankruptcy Litigation absent further order of the Bankruptcy Court.

33. Finally, general policy considerations support the relief requested herein. Relief from the automatic stay to liquidate claims in the Non-Bankruptcy Litigation will result in full and complete resolution of the parties' claims and allows the Debtor's Chapter 13 case to proceed if that is what the Debtor indeed intends to do.

34. There is no prejudice to the Debtor or any creditor if the stay is lifted to permit the Non-Bankruptcy Litigation to proceed in the Circuit Court and, to the extent applicable, the appellate court(s).

### The Court Should Impose a 12 Month Bar from the Debtor's Ability to Re-File in the Event the Debtor's Bankruptcy Case is Dismissed

---

[1] "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." S.Rep. No. 989, 96th Cong., 2d Sess. 50 (1978), *re-printed in* 1978 U.S.C.C.A.N. 5787, 5836, cited by *Robbins*, 964 F.2d at 345.

35. The Debtor's current bankruptcy case, filed while her second Chapter 13 was still open, was filed solely to hinder and delay the Movant's prosecution of claims that had been pending in the Circuit Court.

36. The parties have been embroiled in contentious litigation that began as early as 2015 that has resulted in numerous adverse findings against the Debtor.

37. The Movant does not believe the Debtor has the ability or genuine desire to reorganize under Chapter 13. The Debtor, believing that the Circuit Court has treated her unfairly, is improperly using bankruptcy as a shield and a sword to prejudice the Movant's rights and prevent a resolution of the myriad of disputes that have plagued the Circuit Court.

38. To the extent the Debtor dismisses her bankruptcy case, or otherwise causes the bankruptcy case to be dismissed by failing to file timely schedules and documents, or failing to appear at hearings, the Movant respectfully requests that the Debtor be barred from re-filing for a period of twelve (12) months to allow the Non-Bankruptcy Litigation, and the myriad of appeals, to conclude.

39. Alternatively, the Movant respectfully requests that to the extent the Debtor's case is dismissed and she commences a subsequent case, the automatic stay be ineffective in such subsequent case to permit the Movant to liquidate his claims in the Non-Bankruptcy Litigation to completion, including any appeals.

WHEREFORE, for the reasons stated above, Movant Thomas Bartenfelder respectfully requests the following relief:

A. That the Court grant the Motion;

  B. That the automatic stay be lifted to allow the Non-Bankruptcy Litigation to proceed before the Circuit Court of Maryland for Harford County, and any appeals that arise therefrom;

  C. That in the event the instant case is dismissed, either voluntarily, or for failure to prosecute her Bankruptcy Case, the Debtor be barred from re-filing a petition under Title 11 of the United States Code for a period of twelve (12) months; and

  D. That Movant Thomas Bartenfelder be granted such other and further relief as is just and appropriate.

            MCNAMEE, HOSEA, P.A

            **/s/Janet M. Nesse**
            Janet M. Nesse, Esq. (Fed. Bar No. 07804)
            Christopher L. Hamlin, Esq. (Fed Bar No. 04597)
            6404 Ivy Lane, Suite 820
            Greenbelt, Maryland 20770
            Telephone: (301) 441-2420
            jnesse@mhlawyers.com
            chamlin@mhlawyers.com

            Attorneys for Thomas Bartenfelder, Creditor

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this **25th day of November, 2025**, a copy of the foregoing Motion for Relief from Automatic Stay to Continue Prosecution of Non-Bankruptcy Litigation and for Imposition of a One-Year Bar from Re-Filing in the Event the Debtor's Bankruptcy Case is Dismissed and Notice of Motion for Relief from Stay was served

electronically to those persons and entities entitled to receive Notice of Electronic Filing on the Court's CM/ECF system, as follows:

- Rebecca A. Herr, Chapter 13 Trustee ecf@ch13balt..com

- Andrew Spivack, Esq. MDBKR@brockandscott.com

   **I HEREBY FURTHER CERTIFY** that on this **25th day of November, 2025**, a copy of the foregoing Notice of Motion for Relief from Automatic Stay to Continue Prosecution of Non-Bankruptcy Litigation and for Imposition of a One-Year Bar from Re-Filing in the Event the Debtor's Bankruptcy Case is Dismissed, and Notice of Motion for Relief from Stay, was mailed, by first-class mail postage prepaid, to the following:

Kimberly Dawn Bartenfelder
1108 Harlon Way
Bel Air, MD 21014

Wells Fargo Bank, N.A.
11625 N. Community House Road
Charlotte, NC 28277

All creditors on the attached matrix.

            /s/ Christopher L. Hamlin
            Christopher L. Hamlin