IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| IN RE | * |
| | *  Case No. 25-20691 NVA |
| KIMBERLY BARTENFELDER, | *  Chapter 13 |
| | * |
| Debtor. | * |
| | * |

### OPPOSITION TO MOTION TO EXTEND AUTOMATIC STAY

Thomas Bartenfelder, Creditor ("Mr. Bartenfelder"), by and through his undersigned counsel, pursuant to 11 U.S.C. § 362 (c)(3) and Federal Rules of Bankruptcy Procedure 4001 and 9014, files this Opposition to Motion to Extend Automatic Stay, and in support thereof states the following:

### Introduction and Procedural Background

1. On November 13, 2025, the Debtor Kimberly Bartenfelder (the "Debtor") commenced this case by filing a "bare bones" petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code (the "Petition Date").

2. This is Debtor's **third** recent Chapter 13 case. Debtor's first case was filed on June 14, 2019, and dismissed on November 29, 2021 with no confirmed Chapter 13 plan. Debtor's second case was filed on January 29, 2025. Debtor was not able to obtain confirmation of a Chapter 13 Plan in her second case. Through the date of the filing of this Motion, Debtor's second case remains open but inactive.

3. Specifically, in Debtor's second Chapter 13, the Court (Alquist, J.) issued an Order Dismissing Bankruptcy Case, dated August 22, 2025, based upon, inter alia, Debtor's failure to comply with a series of deadlines regarding the filing of amended schedules and an amended

1

Chapter 13 plan, and her failure to provide payment of an "overdue filing fee balance." [Dkt. No. 78] Debtor thereafter filed a Motion for Reconsideration of Order Dismissing Bankruptcy Case and Request for Hearing (the "Motion for Reconsideration") [Dkt. No. 82], on August 22, 2025. The Trustee subsequently filed an Opposition to Motion for Reconsideration of Order Dismissing Case (the "Trustee's Opposition") [Dkt. No. 83]. Pursuant to the Opposition, the Trustee asserted, in pertinent part, that the Debtor is not able to propose a feasible plan and "that there is no reasonable hope of reorganization." Trustee's Opposition at ¶5.

4. Mr. Bartenfelder filed his Opposition to Motion for Reconsideration of Order Dismissing Bankruptcy Case on September 3, 2025 (the "Opposition") [Dkt. No. 86]. In general, Mr. Bartenfelder joined in and adopted the Trustee's Opposition as part of his Opposition to Debtor's Motion. Through December 1, 2025, no ruling had issued regarding Debtor's Motion for Reconsideration.

5. On September 26, 2025, Debtor filed an Emergency Motion to Avoid Fraudulent Transfer, Disallow Claim, Urgently Request to Reinstate Automatic Stay Pursuant to 11 U.S.C. §§544, 550, 502(b) and 362(d) (the "Emergency Motion") [Dkt. No. 89]. Mr. Bartenfelder filed his Opposition to Emergency Motion on October 6, 2025, and asserted, inter alia, that the Motion was improper was procedurally improper, substantively without merit, and should be denied. [Dkt. No. 90]. Through December 1, 2025, no ruling had issued regarding Debtor's Emergency Motion.

6. On November 24, 2025, Mr. Bartenfelder filed his Motion for Relief from Automatic Stay to Continue Prosecution of Non-Bankruptcy Litigation and for Imposition of a One-Year Bar from Re-Filing in the Event the Debtor's Bankruptcy Case is Dismissed (the "Motion for Relief") n this case.[Dkt. No.16 ]. A hearing on the Motion is scheduled for

2

December 18, 2025.

7. Mr. Bartenfelder submits that Debtor filed this case in bad faith and for an improper purpose. Just as in her second case, Debtor's third case is nothing more than another attempt to stay the multiple pending civil cases between the parties and have this Court relitigate purported claims that have been fully and finally adjudicated. Debtor's attempt to obtain an additional round of litigation regarding matters that have previously been resolved is without merit and should be rejected. In her second case, Debtor's repeated failures to meet several extended deadlines for the filing of Amended Schedules and an Amended Plan resulted in the entry of the Order Dismissing Bankruptcy Case on August 22, 2025. Debtor should not now be allowed to disregard the consequences of her repeated failures to meet the basic obligations of a debtor under Chapter 13 by filing a new case and obtaining the immediate benefit of the automatic stay in her pending state court litigation.

**Legal Standard:**
**Presumption of Absence of Good Faith**

8. In general, "[W]here a debtor had a previous case pending that was dismissed during the twelve months prior to the filing of the current case, the automatic stay is limited to thirty days from the petition date of the new case. 11 U.S.C. § 362(c)(3)(A). The stay can be extended beyond thirty days by motion but only if the party seeking the extension can demonstrate that the filing of the new case is in good faith as to the creditors to be stayed. 11 U.S.C. § 362(c)(3)(B). By statute, debtors seeking an extension of the stay beyond thirty days as to all creditors are presumed to have not filed the case in good faith if any of the circumstances exist as identified in 11 U.S.C. § 362(c)(3)(C)(i)." In re Mason, 2022 WL 19073912 at *3 (E.D. Oklahoma 2022). "Generally, the moving party must establish the good faith element by a preponderance of the evidence." In re Thomason, 647 B.R. 566, 575 (Bankr. D. Idaho 2022) (citation omitted). "Under

3

certain circumstances, however, a case is presumed not to be filed in good faith, and the moving party must rebut that presumption with 'clear and convincing' evidence that the case was filed in good faith." Id. (citation omitted). Thus, whether a debtor is required to demonstrate good faith by clear and convincing evidence—or by the less onerous preponderance of the evidence standard—depends on whether there is a presumption that the current case was not filed in good faith." In re Carrigan, 666 B.R. 840, 850 (B.A.P. 1st Cir.2025) (Footnote omitted.) "Evidence is clear and convincing if it is highly probable or reasonably certain or both." In re Sarafoglou, 345 B.R.19, 24 (Bankr. D. Mass. 2006.)

    9. "The rebuttable presumption that a later case was not filed in good faith arises under § 362(c)(3)(C), which provides:

> [A] case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)—
>
> (i) as to all creditors, if—
>
> (I) more than 1 previous case ... in which the individual was a debtor was pending within the preceding 1-year period;
>
> (II) a previous case ... in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to—
>
> (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse ...;"

In re Carrigan, 666 B.R. at 851.

In addition, "the rebuttable presumption that a later case was not filed in good faith" also "arises under § 362(c)(3)(C), which provides:

> [A] case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)—
>
> (ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor[.]"

<u>Id</u>.

### Debtor Has Failed to Rebut the Presumption That Her<br>Third Chapter 13 Case Was Filed in Bad Faith

10. On November 24, 2025, Debtor filed her Motion to Extend Automatic Stay (the "Motion") [Dkt. No. 15]. Pursuant to the Motion, Debtor states that she has "obtained counsel" and that Debtor's "mother has pledged to assist with monthly payments until Debtor has firmed up her finances." Motion at ¶5.

11. Pursuant to 11 U.S.C. §362(c)(3)(C)(i), this case was presumptively not filed in good faith, based upon Debtor's filing of a prior Chapter 13 case on January 29, 2025, within one-year of the filing of the present case. As noted, Debtor's second case was dismissed by the Court's Order dated August 22, 2025 [Dkt.No.78], based upon, <u>inter alia</u>, her failure to comply with a series of deadlines regarding the filing of amended schedules and an amended Chapter 13 plan, and her failure to provide payment of an "overdue filing fee balance."

12. In addition, this case was presumptively not filed in good faith based upon 11 U.S.C. §362(c)(3)(C)(ii). Specifically, Mr. Bartenfelder filed a Motion for Relief from Stay in Debtor's second case on February 4, 2025 [Dkt.No 12], primarily to allow non-bankruptcy litigation to proceed in state court. The Court issued an Order dated March 10, 2025 granting in part and denying in part the Motion for Relief, ruling that the non-bankruptcy litigation was allowed to proceed in state court. [Dkt.No 42],

13. Based upon the prior Orders lifting the automatic stay and subsequently dismissing Debtor's second Chapter 13 case, Debtor's current case Chapter 13 case, is presumed to have been filed in bad faith, as a matter of law. Debtor must therefore rebut this presumption by

5

"clear and convincing evidence." 11 U.S.C. §362(c)(3)(C).

14. Mr. Bartenfelder respectfully submits that Debtor has failed to meet the clear and convincing standard of evidence necessary to rebut the presumption that she filed this case in bad faith. Specifically, pursuant to her six (6) paragraph Motion, Debtor provides no detail either as to the amount that her "mother has pledged to assist" in monthly payments or the basis for Debtor's plan to firm "up her finances." Id. Debtor then summarily claims that "[T]here has been a substantial change in the affairs of the Debtor since the dismissal." Motion at ¶5. Debtor identifies the date of dismissal of her second Chapter 13 case as August 21, 2025. Id. ¶2. Debtor provides no additional information regarding the alleged "substantial change" in her "affairs" during the approximately two and one-half month interval between the dismissal of her second case and the Petition Date in this case.

15. Debtor's conclusory assertion that there has been a "substantial change" in her financial affairs since the dismissal of her second Chapter 13 case is unsupported by Debtor's factual representations, and does not rebut the presumption that Debtor filed this case, her third Chapter 13 bankruptcy in four (4) years and second in eleven (11) months, in bad faith. Specifically, Debtor has not alleged that she has obtained employment to allow enable her to provide plan payments, or that she has any employment reasonably in prospect. Debtor also has failed to disclose the amount of any monthly contribution to be made by her mother in an effort to fund a plan.

16. In addition, it should be noted that in this case, as in her second Chapter 13 case, Debtor has requested leave to pay the $338.00 filing fee in installments. In addition, in her second Chapter 13 case, Debtor filed a Declaration of Financial Support for Chapter 13 Plan (the "Declaration") executed by Joanne Sagliani, Debtor's mother, stating that Ms. Sagliani

6

would contribute $200.00 per month for Debtor's Chapter 13 plan payments. See Declaration at ¶5. [Dkt. No. 87]. Debtor has provided no such specific amount regarding any contribution to plan payments by her mother in this case.

17. Further, in In re Carrigan, the Court observed that "[A]lthough there is no one test for good faith, the court must be satisfied that the plan in the new case will succeed where the plan in the prior case did not." In re Carrigan, 666 B.R. at 852, citing In re West, 2023 WL 4387030 at *3 (Bankr. W.D. Pa. 2023). In this case, the Internal Revenue Service filed a Proof of Claim on November 26, 2025 [Proof of Claim No.3], stating a priority unsecured claim of $55,512.95 and a total claim of $167,070.97. Mr. Bartenfelder proffers that Debtor is unable to propose a Chapter 13 Plan that would pay the IRS's priority unsecured claim alone in full.

18. In summary, Mr. Bartenfelder submits that Debtor's bald assertion of a "substantial change" in her affairs "since the dismissal" is insufficient to overcome the presumption that this third Chapter 13 case was filed in bad faith. Debtor is required to establish by "clear and convincing evidence" that her financial condition has **"substantially changed"** in the two and one-half moths since the dismissal of her second Chapter 13 case. Debtor has failed to satisfy her burden. Debtor's attempt to procure an extension of the stay in this, Debtor's third Chapter 13 bankruptcy in four (4) years, filed in bad faith, should be denied accordingly.

### The Non-Bankruptcy Litigation Between Debtor and Mr. Bartenfelder Should Be Excepted from Any Extension of the Automatic Stay Granted in This Case

19. As stated in Mr. Bartenfelder's Motion for Relief, Debtor filed her **second Chapter 13 case** on January 29, 2025, on the eve of a hearing in connection with property settlement matters in the domestic action captioned *Thomas Bartenfelder v. Kimberly Bartenfelder*, Case Number 12-C-15-3264 (hereinafter "Domestic Case"). Mr.Bartenfelder filed a Motion for Relief from Stay on February 4, 2025 seeking to terminate the stay and proceed with the pending state court litigation. [Dkt. No.12]. Following a hearing, the Court issued an Order dated March 10,

7

2025 terminating the stay and allowing the Domestic Case and related litigation to proceed. [Dkt. No.42]

20. The Domestic Case and related litigation, including appeals, have proceeded since the termination of the stay in the second case. The Domestic Case and related litigation between the Debtor and Movant have been pending for more than a decade, the conclusion of which has been interrupted now for a third time by Debtor's improper and bad faith filing of this case.

21. The pending cases between Debtor and Mr. Bartenfelder include the Domestic Case and the various other matters pending in the Circuit Court, including, without limitation, the business cases, *Thomas Bartenfelder v. Kimberly Bartenfelder*, Case No. 12-C-17-111 and *Kimberly Bartenfelder v. Bartenfelder Landscape Service, Inc., et al.*, Case No. 12-C-17-355, and a myriad of appeals lodged by Debtor, including *Kimberly Bartenfelder v. Thomas Bartenfelder*, Case Number ASA-REG 1138-2024; *Kimberly Bartenfelder v. Thomas Bartenfelder*, Case Number ASA -REG 1141-2024; *Kimberly Bartenfelder v. Thomas Bartenfelder*, Case Number ASA -REG 1375-2024; *Kimberly Bartenfelder v. Thomas Bartenfelder,* Case Number ASA -REG 2213-2024; *Kimberly Bartenfelder v. Thomas Bartenfelder,* Case Number ASA -REG 2214-2024; and *Kimberly Bartenfelder v. Thomas Bartenfelder,* Case Number ASA -REG 2215-2024 (collectively, the "Non-Bankruptcy Litigation").

22. Mr. Bartenfelder submits that Debtor has abused Court process; her current third bankruptcy is a continuation of the Debtor's abuse of process and abuse of court resources.

23. Specifically, even provided that the Debtor could successfully reorganize, there is no just reason to delay resolution of the Non-Bankruptcy Litigation. The Non-Bankruptcy Litigation needs to be resolved before the Debtor could propose a confirmable Chapter 13 Plan.

24. As stated, there is no good faith basis for the Debtor's current filing, and in particular, for any extension of the automatic stay as to the Non-Bankruptcy Litigation. The Non-Bankruptcy Litigation involves issues governed solely by state law and concerns subject matter in which the expertise of the bankruptcy court is not required.

### Requested Relief

25. As set forth herein, Debtor has failed to overcome the presumption under 11 U.S.C. §362(c)(3)(C)(ii) that this case was filed in "bad faith." Debtor's conclusory and unsupported statements alleging a "substantial change" in her "financial affairs" are manifestly insufficient to rebut the bad faith presumption in this, her third Chapter 13 bankruptcy in four (4) years and second in eleven (11) months. Debtor's attempt to obtain extension of the automatic stay should be rejected accordingly.

26. Further, the continuation of the Non-Bankruptcy Litigation without disruption by the automatic stay will not prejudice the Debtor. Assuming *arguendo* that the Debtor genuinely seeks to reorganize her debts, issues in the Non-Bankruptcy Litigation must be resolved in some fashion in order for this bankruptcy case to proceed, and those issues are most efficiently decided in the Circuit Court and, to the extent applicable, any appellate court.

27. There is no prejudice to the Debtor or any creditor if the stay is lifted to permit the Non-Bankruptcy Litigation to proceed in the Circuit Court without disruption by the automatic stay, and to the extent applicable, the appellate court(s). At a minimum, should the Court extend the stay, Mr. Bartenfelder should be permitted relief from the automatic stay to liquidate his claims and defenses in the Non-Bankruptcy Litigation between and /or concerning the Debtor and to cause the Non-Bankruptcy Litigation to be fully and finally resolved.

WHEREFORE, for the reasons stated above, Thomas Bartenfelder, Creditor, respectfully requests the following relief:

A. That the Court deny Debtor's Motion to Extend Automatic Stay; and

B. That Thomas Bartenfelder be granted such other and further relief as is just and appropriate.

MCNAMEE, HOSEA, P.A

/s/Janet M. Nesse
Janet M. Nesse, Esq. (Fed. Bar No. 07804)
Christopher L. Hamlin, Esq. (Fed Bar No. 04597)
6404 Ivy Lane, Suite 820
Greenbelt, Maryland 20770
Telephone: (301) 441-2420
jnesse@mhlawyers.com
chamlin@mhlawyers.com

Attorneys for Thomas Bartenfelder, Creditor

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **2nd day of December 2025**, a copy of the foregoing Opposition to Motion to Extend Automatic Stay, was served electronically to those persons and entities entitled to receive Notice of Electronic Filing on the Court's CM/ECF system, as follows:

- Rebecca A. Herr, Chapter 13 Trustee ecf@ch13balt..com
- Andrew Spivack, Esq. MDBKR@brockandscott.com
- William A. Grafton, Esq. wgrafton@graftonfirm.com
- Randa Azzam, Esq. logsecf@logs.com

/s/ Christopher L. Hamlin
Christopher L. Hamlin

10