**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

IN RE      \*

     \*     **Case No.  25-20691 NVA**

**KIMBERLY BARTENFELDER,**     \*     **Chapter 13**

     \*

     **Debtor.**      \*

     \*

_____ \*

     \*

**THOMAS BARTENFELDER,**     \*

     \*

     \*

     **Movant,**     \*

**v.**      \*

     \*

**KIMBERLY BARTENFELDER**     \*

     \*

     **and**      \*

     \*

**REBECCA A. HERR**     \*

**CHAPTER 13 TRUSTEE**     \*

     \*

     \*

     **Respondents.**     \*

_____

**MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC
STAY TO CONTINUE PROSECUTION OF NON-BANKRUPTCY LITIGATION AND
FOR IMPOSITION OF ONE YEAR BAR FROM RE-FILING IN THE EVENT
DEBTOR'S BANKRUPTCY CASE IS DISMISSED**

Thomas Bartenfelder (the "Movant" or "Mr. Bartenfelder"), by and through his

undersigned counsel, pursuant to 11 U.S.C. § 362 and Federal Rules of Bankruptcy Procedure

4001 and 9014, files this Memorandum in Support of Motion for Relief from Automatic Stay to

Continue Prosecution of Non-Bankruptcy Litigation and for Imposition of a One-Year Bar from

Re-Filing in the Event the Debtor's Bankruptcy Case is Dismissed and states the following:

**Introduction and Procedural Background**

1.      On November 13, 2025, the Debtor Kimberly Bartenfelder (the "Debtor" or "Ms. Bartenfelder") commenced this case by filing a "bare bones" petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code (the "Petition Date").

2.      This is the Debtor's **third** Chapter 13 case. Debtor's first case was filed on June 14, 2019, and dismissed on November 29, 2021. Debtor's second case was filed on January 29, 2025. Debtor was not able to obtain confirmation of a Chapter 13 Plan in her second case. Through the date of the filing of this Motion, Debtor's second case remained open but inactive.

3.      On November 24, 2025, Thomas Bartenfelder filed his Motion for Relief from Automatic Stay to Continue Prosecution of Non-Bankruptcy Litigation and for Imposition of a One-Year Bar from Re-Filing in the Event the Debtor's Bankruptcy Case is Dismissed and Notice of Motion for Relief from Stay [Dkt. No.16] (the "Motion"). Pursuant to the Motion, Thomas Bartenfelder seeks relief from stay to allow multiple pending civil cases between Debtor to proceed to final disposition. A hearing on the Motion is set for December 18, 2025.

4.      On November 25, 2025, Debtor filed a Motion to Extend Automatic Stay [Dkt. No. 15] (the "Motion to Extend Stay"). Mr. Bartenfelder filed his Opposition to Motion to Extend Stay on December 2, 2025 [Dkt. No.20]. The Court (Alquist, J.) conducted a hearing on Debtor's Motion to Extend Stay on December 4, 2025. During the hearing, the Court observed that an update on the pending civil litigation and the effect of the stay on any deadlines or hearings in the civil litigation would aid in consideration of the Motion. The Court issued an Order granting the Motion to Extend dated December 5, 2025. [Dkt. No. 25].

5.      As set forth herein, Mr. Bartenfelder respectfully submits that relief from the

automatic stay is necessary to allow the Non-Bankruptcy Litigation to proceed and render a full
and final adjudication of the value of Debtor's assets and the amount of Mr. Bartenfelder's
claims. This final resolution of the parties' respective claims will enable Debtor's Chapter 13
case to then proceed.

## Status of the Non-Bankruptcy Litigation

6.      Pursuant to the Court's suggestion, Mr. Bartenfelder provides the following
update regarding the pending civil cases, referred to in the Motion and herein as the "Non-
Bankruptcy Litigation." All cases noted as "Circuit Court" are pending in the Circuit Court for
Harford County, Maryland. All cases noted as "Appeal" are pending in the Appellate Court of
Maryland.

7.      The status of the Non-Bankruptcy Litigation is as follows:

a.      Divorce case: Thomas Bartenfelder v Kimberly Baretnfelder, Case No. 12-C-15-
003264, Circuit Court.  Thomas Bartenfelder was granted a judgment of divorce in December
2024. The Court reserved jurisdiction on the final determination and division of the parties'
assets.  On December 17, 2024, Debtor appeared in Circuit Court for the property division
hearing and represented that she had a medical issue and could not proceed. The Court
subsequently reset the property division hearings for dates in January, February and March,
2025. All dates were stayed based upon Debtor's filing of her second Chapter 13 case on January
29, 2025. Mr. Bartenfelder obtained relief from the stay in Debtor's second bankruptcy case
pursuant to the Court's Order dated March 7, 2025.  Mr. Bartenfelder's domestic counsel
thereafter filed a motion in the divorce case on or about October 10, 2025, requesting trial dates
for the property division matter. Debtor did not respond to the Motion. Through the Petition
Date, the Circuit Court had not acted on the motion or set hearing dates for the property division

matter.

b.    Appeal of Divorce Case: Kimberly Bartenfelder v Thomas Baretnfelder, Case No. ACM-REG-2213-2024, Appeal. Debtor filed an appeal of the Circuit Court's Order granting Mr. Bartenfelder a divorce and a separate Order which prohibits Debtor from filing motions or appeals without the Court's prior approval. Once Debtor filed the appeal, she failed to order the transcripts and missed her briefing deadline. Debtor has sought two extensions for filing her brief. The Appellate Court's most recent scheduling order provided that Debtor's brief was due on November 19, 2025. Movant submits that this appears to be one of the reasons that Debtor filed the Bankruptcy on November 13, 2025. The Court of Appeals has stayed the briefing schedule until further Order of the Bankruptcy Court.

c.    Business Cases: Thomas Bartenfelder v Kimberly Baretnfelder, Case No. 12-C-17-000111 and Kimberly Bartenfelder v Baretnfelder Landscape, Inc. Case No. 12-C-17-000355. Circuit Court.

Briefly, Debtor filed the Kimberly Bartenfelder v Baretnfelder Landscape, Inc. Case No. 12-C-17-000355 against Mr. Bartenfelder, Baretnfelder Landscape, Inc., and additional Bartenfelder companies in 2017, asserting claims for injunctive and declaratory relief and for breach of shareholder's agreement. Debtor dismissed the Bartenfelder companies from this case early in the litigation. The remaining issues in the case are primarily, what, if any amount Debtor will have to pay Mr. Bartenfelder for his interest in the companies, or conversely, the amount Mr. Bartenfelder will be required to pay for Debtor's interest in the companies.

Mr. Bartenfelder filed the Thomas Bartenfelder v Kimberly Baretnfelder, Case No. 12-C-17-000111, case in 2017, asserting claims against the Debtor for misappropriation of funds from a checking account. Debtor and Mr. Bartenfelder entered into a settlement agreement which was

4

placed on the record. Debtor subsequently returned the funds.

The following is a brief chronology of the recent filings in both business cases:

- On December 16, 2024, Mr. Bartenfelder filed a motion for pre-filing injunction against Debtor was filed. On December 17, 2024, the Court held a hearing on the pre-filing injunction motion and other matters pending in the divorce case.

- On December 18, 2024, the Court granted the pre-filing injunction motion determining that Debtor is a vexatious litigant and ordered that Debtor was prohibited from filing anything in the pending matters including notices of appeal and from commencing any new matter against Mr. Bartenfelder without seeking leave of court.

- On December 26, 2024, Ms. Bartenfelder filed a motion for reconsideration asking that the court reconsider the prefiling injunction and other orders that were entered in the divorce case. On January 9, 2025, the Court held a hearing on Ms. Bartenfelder's motion for reconsideration.

- On January 15, 2025, Ms. Bartenfelder filed a notice of appeal in both the Thomas Bartenfelder v Kimberly Baretnfelder, Case No. 12-C-17-000111, and Kimberly Bartenfelder v Baretnfelder Landscape, Inc. Case No. 12-C-17-000355 cases.

- On January 16, 2025, the Court entered an Order granting in part and denying in part Ms. Bartenfelder's motion for reconsideration affirming that Ms. Bartenfelder must seek leave of court to file documents or commence a new proceeding against Mr. Bartenfelder, but allowing Ms. Bartenfelder to update discovery and to update documents in preparation for trial including financial records.

- Based upon her three appeals, Debtor's consolidated opening brief for all three of her appeals was due to be filed on or before November 19, 2025. All three appeals, Appeal Nos.

5

ACM-REG-2213-2024, ACM-REG-2214-2024 ACM-REG-2215-2024 are now stayed. See ¶f

below.

    d.  In addition, in Kimberly Bartenfelder v Baretnfelder Landscape, Inc., on March 7,

2025, Debtor's prior counsel, The Baldwin Legal Group LLC ("BLG"), filed a Motion for

Payment of Attorneys' Fees under a Promissory Note signed by Ms. Bartenfelder. Specifically,

BLG requested that the Court order payment of Ms. Bartenfelder's attorneys' fees by ordering

that the Bartenfelder Companies be ordered to deposit money into the court to satisfy the amount

owed to BLG by Ms. Bartenfelder.  Mr. Bartenfelder filed a response in opposition to this

motion and requested sanctions. On April 30, 2025, BLG filed a motion with the Court

requesting that the Court enter an order joining BLG as a Plaintiff to the matter and the

Bartenfelder Companies as Defendants to the matter.  Mr. Bartenfelder filed a response in

opposition to this motion and requested sanctions. To date, no hearing has been set on the matter.

    e.  Malicious Prosecution Case: Thomas Bartenfelder v Kimberly Baretnfelder, Case No. 12-

C-18-000183, Circuit Court. Mr. Bartenfelder filed this malicious prosecution case against

Debtor for filing multiple frivolous criminal cases against Mr. Bartenfelder. This matter is

stayed based upon the Debtor's bankruptcy.

    f.  Appeals: Kimberly Bartenfelder v Thomas Baretnfelder, Appeal No.

ACM-REG-2214-2025 and Kimberly Bartenfelder v Thomas Baretnfelder, Case No.

ACM-REG-2215-2025. Appeal. As noted, Debtor has filed appeals in both business cases and

the Divorce Case. On December 3, 2025, the ACM entered an Order staying all three appeals

pending further Order of the Court, and ordering that the parties shall inform the Court of any

Orders entered in the Bankruptcy Court. regarding the automatic stay. Upon the lifting of the

automatic stay, a new briefing schedule will be issued. A copy of the Court's Order dated

December 3, 2025, is attached hereto as Exhibit No. 1.

    g  <u>Appeal</u> : <u>Kimberly Bartenfelder v Thomas Baretnfelder</u>, Case No.

ACM-REG-1141-2024, Appeal. Dismissed by Court on March 19, 2024.

    h.  <u>Appeal</u> : <u>Kimberly Bartenfelder v Thomas Baretnfelder</u>, Case No.

ACM-REG-1375-2024, Appeal. Voluntarily dismissed by Debtor on June 2, 2025.

    i.  <u>Appeal</u> : <u>Kimberly Bartenfelder v Thomas Baretnfelder</u>, Case No.

ACM-REG-1138-2024, Appeal. Dismissed by Court for Debtor's failure to file Brief on March

19, 2024.

### <u>Relief from the Automatic Stay Is Necessary to Adjudicate the Respective Claims of Mr.<br>Bartenfelder and Debtor and to Allow This Chapter 13 to Proceed</u>

    7.   As of the Petition Date, the Non-Bankruptcy Litigation consisted of the three appeals

filed by Debtor in the Divorce Case and the two Business Cases, the pending property division

issues in the Circuit Court Divorce Case, and the malicious prosecution case filed by Mr.

Bartenfelder in the Circuit Court. As stated in Mr. Bartenfelder's Motion, the Non-Bankruptcy

Litigation involves issues governed solely by state law and concerns subject matter in which the

expertise of the bankruptcy court is not required. In addition, in order to allow Debtor to propose

a confirmable plan, it is first necessary to determine the value, if any, of her claims regarding

marital property against Mr. Barenfelder, and conversely, the amount of Ms. Bartenfelder 's

allowed claims against Debtor.

    8.  The ability of the Appellate Court of Maryland and the Circuit Court for Harford

County to resolve these issues and adjudicate the respective claims of Debtor and Mr.

Bartenfelder is now stayed by Debtor's bankruptcy. In the absence of relief from stay, the

respective claims will remain in dispute and unresolved. In turn, Debtor will be unable to

propose a confirmable plan in the absence of a determination of the value of her property and the

amount of claims asserted against her in the bankruptcy. This Chapter 13 case will, in effect be rendered a nullity, and the continued stay will cause additional and purposeless delay in adjudicating the value of Debtor's assets and the amount of Mr. Bartenfelder's claims. Relief from the automatic stay is therefore necessary to allow the Non-Bankruptcy Litigation to proceed and render a full and complete resolution of the parties' respective claims and enable the Debtor's Chapter 13 case to proceed.

9. During the recent hearing on Debtor's Motion to Extend Automatic Stay, counsel for the Debtor represented that Ms. Bartenfelder filed this case to in order to identify and resolve her debts. Relief from stay will allow Debtor to realize this goal. The ongoing imposition of the automatic stay will result only in needless and purposeless delay in resolving the pending disputes between the parties. Mr. Bartenfelder submits that the Motion should be granted accordingly.

10. Mr. Bartenfelder therefore respectfully requests that the Court grant the Motion and lift the automatic stay to allow the Non-Bankruptcy Litigation to proceed to final disposition. Mr. Bartenfelder further submits that based upon Debtor's successive filings of two Chapter 13 cases this year, cause exists to impose a one-year bar to the filing of any bankruptcy cases by Debtor for a period of one year following the conclusion of this case.

MCNAMEE, HOSEA, P.A

**/s/Janet M. Nesse**
Janet M. Nesse, Esq. (Fed. Bar No. 07804)
Christopher L. Hamlin, Esq. (Fed Bar No. 04597)
6404 Ivy Lane, Suite 820
Greenbelt, Maryland 20770
Telephone: (301) 441-2420
jnesse@mhlawyers.com
chamlin@mhlawyers.com

Attorneys for Thomas Bartenfelder, Creditor

8

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on this 15th  **day of December, 2025**, a copy of the

foregoing Memorandum in Support of Motion for Relief from Automatic Stay to Continue

Prosecution of Non-Bankruptcy Litigation and for Imposition of a One-Year Bar from Re-Filing

in the Event the Debtor's Bankruptcy Case is Dismissed and Notice of Motion for Relief from

Stay was served electronically to those persons and entities entitled to receive Notice of

Electronic Filing on the Court's CM/ECF system, as follows:

- Rebecca A. Herr, Chapter 13 Trustee <u>ecf@ch13balt..com</u>

- Andrew Spivack, Esq. MDBKR@brockandscott.com

- William A. Grafton, Esq.  <u>wgafton@graftonfirm.com</u>

- Randa Azzam, Esq. logsecf@logs.com

<u>/s/ Christopher L. Hamlin</u>
Christopher L. Hamlin