**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | | |
|---|---|---|
| IN RE | * | |
| | * | **Case No.  25-20691 NVA** |
| KIMBERLY BARTENFELDER, | * | **Chapter 13** |
| | * | |
| Debtor. | * | |
| | * | |
| ――――――――――――――― | * | |
| | * | |
| BALDWIN LEGAL GROUP, LLC, | * | |
| | * | |
| Movant, | * | |
| v. | * | |
| | * | |
| KIMBERLY BARTENFELDER | * | |
| | * | |
| and | * | |
| | * | |
| REBECCA A. HERR | * | |
| CHAPTER 13 TRUSTEE | * | |
| | * | |
| | * | |
| Respondents. | * | |
| ――――――――――――――― | | |

**THOMAS BARTENFELDER'S OPPOSITION TO BALDWIN**
**LEGAL GROUP LLC'S MOTION FOR RELIEF**
**FROM AUTOMATIC STAY**

Thomas Bartenfelder, Creditor ("Mr. Bartenfelder"), by and through his undersigned counsel, pursuant to 11 U.S.C. § 362(d) and Federal Rules of Bankruptcy Procedure ("Rules") 4001 and 9014, files this Opposition to Baldwin Legal Group's LLC's Motion for Relief from Automatic Stay and in support thereof states the following:

Baldwin Legal Group LLC ("BLG") filed its Motion for Motion for Relief from Automatic Stay (the "Motion") [Dkt. No. 33], requesting termination of the automatic stay to pursue collection of its claim for pre-petition attorney's fees against Debtor Kimberly Bartenfelder (the "Debtor") and the Bartenfelder Companies, in pending state court litigation. As set forth herein,

1

Thomas Bartenfelder opposes BLG's Motion, and states that BLG (a) has failed to establish "cause" for modification or termination of the stay, based upon allegations of fraud and a disputed unsecured non-priority claim; (b) seeks to pursue collection from a non-existent state court "Fee Fund;" and (c) seeks to collect on its claim directly against property of the estate. The Motion should therefore be denied.

### Introduction and Procedural Background

1.      On November 13, 2025, the Debtor Kimberly Bartenfelder commenced this case by filing a "bare bones" petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code (the "Petition Date").

2.      This is Debtor's **third** recent Chapter 13 case. Debtor's first case was filed on June 14, 2019, and dismissed on November 29, 2021 with no confirmed Chapter 13 plan. Debtor's second case was filed on January 29, 2025. Debtor was not able to obtain confirmation of a Chapter 13 Plan in her second case. Through the date of the filing of this Opposition, Debtor's second case remains open but inactive.

3.      On November 25, 2025, Debtor filed a Motion to Extend Automatic Stay (the "Motion to Extend") [Dkt. No. 15]. Pursuant to the Motion to Extend, Debtor alleged, in pertinent part, that "[T]here has been a substantial change in the financial affairs of the debtor since the dismissal of the second case, "and the Debtor believes she can successfully complete a Chapter 13 Plan that repays her creditors some portion of what they are owed." Motion to Extend at ¶6. On December 2, 2025, Thomas Bartenfelder filed his Opposition to Motion to Extend Automatic Stay [Dkt. No.20], and asserted, inter alia, that Debtor had failed to meet the clear and convincing standard of evidence necessary to rebut the presumption that she filed this case in bad faith.

4.      On December 4, 2025, the Court (Alquist, J.) conducted a hearing on the Motion to Extend and Mr. Bartenfelder's Opposition. During the hearing, Debtor argued that there had

been a "substantial change" in her financial affairs since the dismissal of her second Chapter 13 case and represented that that she had received a $150,000 distribution from the Bartenfelder Companies prior to the Petition Date. The Court thereafter granted the Motion to Extend by Order Extending Stay As to All Creditors, entered December 5, 2025 (the "Order") [Dkt. No.25].

5.      On December 15, 2025, Movant Baldwin Legal Group, LLC ("BLG") filed the Baldwin Legal Group's LLC's Motion for Relief from Automatic Stay [Dkt. No.33]. Pursuant to the Motion, BLG requests that the "automatic stay be waived, annulled or otherwise modified" to allow BLG to continue its collection action in "Baltimore County Circuit Court" (the "Collection Case") seeking judgment against Debtor on the promissory note executed by Debtor dated October 4, 2022 (the "Note"). Motion at p.4. BLG further requests relief from stay regarding the "Harford County action so that [it] may continue to seek collection" of the Note "from the business-assets fee fund, and not from Mrs. Bartenfelder's personal assets." Id.   As set forth herein, BLG has failed to establish "cause" for waiver, annulment or other modification of the automatic stay. BLG's Motion should therefore be denied.

### Arguments

#### (A)  BLG Has Failed to Establish "Cause" for Annulment, Waiver or Modification of the Automatic Stay Regarding Its Collection Action Against Debtor.

6.    According to its Motion, BLG asserts a general unsecured non-priority claim against Debtor. Specifically, BLG alleges that it is "attempting to collect on an outstanding promissory note, executed by Debtor in the amount of $118,146.00, in addition to interest, late fees, and other related costs," to "pay BLG for its legal services." Motion at pp. 1-2.  Based upon its own allegations, there is no dispute that BLG's claim against Debtor arose prior to the Petition Date, and that BLG lacks any collateral securing its claim.

7.  As a result, BLG is simply a general unsecured non-priority creditor of the Debtor, apparently with a disputed claim. BLG's assertion of an unsecured non-priority claim against Debtor does not provide "cause" to proceed with the Collection Case. To the extent BLG's Claim is disputed, any such dispute may be resolved by the adjudication of Debtor's Objection to BLG's Proof of Claim in this Court. BLG also claims that Debtor failed to include its debt from her schedules, and that her "plan proposes not to pay BLG's claim." The apparent omission of BLG from Debtor's Schedules or a purported intent not to pay BLG's claim, does not establish cause to lift the stay.

8.  BLG also alleges that "[A]s the holder of a promissory note whose interest would be irreparably harmed by continuance of the stay, it is BLG's understanding that this Court 'shall grant relief from the stay' so that BLG may may continue to seek default judgment on the promissory note and receive all sums owed." Motion at p.3.

9.  BLG's assertion regarding the Court's obligation to "grant relief from the stay" is erroneous and should be disregarded. The governing standard for determining whether relief from stay may be granted is set forth under 11 U.S.C. § 362 (d)(1). Specifically, the court may grant relief from automatic stay, for "cause."  11 U.S.C. § 362 (d)(1) expressly provides that,

> (d)  On request of a party in interests and after notice and a hearing, the court shall grant relief from stay provided under subsection (a) of this section, such as by terminating annulling modifying or conditioning such stay—
>
> (1)  for cause, including the lack of adequate protection of an interest in property of such party in interest;

10.  "Cause is not defined by the Bankruptcy Code; therefore, the Court must determine whether relief is appropriate on a case-by-case basis." Robbins v Robbins, (In re Robbins) 964 F.2d 342, 345 (4th Cir. 1992). "The court must balance potential prejudice to the

bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." Id.  The Fourth Circuit has instructed courts considering whether to lift the stay "for cause" to examine the following factors:

> (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.
>
> Id. (citing cases).

11.     In this case, BLG has failed to satisfy **any** of the required factors. The issue of whether BLG has an allowed claim against Debtor is a standard matter routinely handled by Bankruptcy Courts. Further, the interests of judicial economy support keeping all disputed issues between Debtor and BLG before this Court, pursuant to Proof of Claim litigation and dischargeability actions, if any. Finally, as discussed herein, BLG seeks to collect from property of the estate by separate state court proceedings, actions that are manifestly outside the jurisdiction and protection of the bankruptcy court.

12.     BLG further claims that it "seeks to be paid from an outside source, the Harford County Circuit Court's fee fund and not from Kimberly Bartenfelder's personal assets." Motion at p. 3. As set forth more fully in Section B below, BLG's allegation of  a "fee fund" established by the Harford County Circuit Court is erroneous, and provides  no basis for granting  relief from the automatic stay. Simply put, there is no "fee fund" set by the Harford County Circuit Court. BLG's attempt to obtain relief from stay to pursue collection against such a non-existent "fee fund" should be rejected accordingly.

13.     Finally, it should be noted that the Harford County Circuit Court did authorize a one-time disbursement of funds held in the Court Registry to pay certain attorney's fees, pursuant to Orders dated August 9, 2022 and October 26, 2022. The Orders arose from a dispute between Debtor and Thomas Bartenfelder, regarding the right to certain funds held in the Harford County Circuit Court Registry in the amount of $526,904.11. Nothing in either of these Order established a "fee fund" for **any** ongoing payment of Debtor's attorney's fees. The funds disbursed were Debtor's funds, not the funds of any of the Bartenfelder Companies.

14.     Based upon the foregoing, Thomas Bartenfelder respectfully submits that BLG has failed to establish "cause" for any waiver, annulment or other modification of the automatic stay regarding any continuation of the collection action on Debtor's Note. BLG is an unsecured creditor who may fully pursue collection of its claim in this Chapter 13 case. BLG's Motion should therefore be denied.

**(B) BLG's Request for Annulment, Waiver or Modification of the Automatic Stay to Pursue Collection from a "Fee Fund" in the Pending Civil Cases Is Wholly <u>Without Basis, As No "Fee Fund" Was Established or Authorized in the Civil Cases.</u>**

15.     BLG's also asserts that it "does not seek payment through Mrs. Bartenfelder's personal assets but instead seeks to apply the court-ordered repayment structure." Motion at pp.5-6. Thomas Bartenfelder submits that BLG's request for waiver, annulment or other modification of the automatic stay to pursue collection of its attorney's fees from a "Fee Fund" is wholly without basis. Specifically, no such "Fee Fund" was established in **any** of the Debtor's pending civil cases.

16.     BLG alleges that the "Circuit Court for Harford County had previously established a fee fund to pay Mrs. Bartenfelder's former lawyers, sourced from the assets of the Bartenfelders' jointly owned family businesses." Motion at p. 2. BLG's representation of the existence of a "court-established Fee Fund seeded by the Bartenfelder Companies" is erroneous. No such "Fee Fund" was ever established.

6

17.     The Harford County Circuit Court did authorize a one-time disbursement of funds held in the Court Registry to pay certain attorney's fees, pursuant to Orders dated August 9, 2022 and October 26, 2022. The Orders arose from a dispute between Debtor and Thomas Bartenfelder, regarding the right to certain funds held in the Harford County Circuit Court Registry in the amount of $526,904.11. Based upon this dispute, the Court (Howe, J.) entered an Order dated August 9, 2022 requiring, in pertinent part, that Bartenfelder Sanitation Services, LLC and Bartenfelder Landscape, LLC immediately provide a total distribution of "$526,904.11 to Kimberly Bartenfelder and the Wellens & Jablon Attorney Escrow Account for the sole purpose of paying expert fees, attorney's fees and trial costs on behalf of Kimberly Bartenfelder." Order at p. 2. The Order was entered jointly in the business litigation case, Kimberly Bartenfelder v Thomas Bartenfelder, Case No. 12-C-17- 000355, and in the divorce case, Thomas Bartenfelder v Kimberly Bartenfelder, Case No. 12-C-15- 003264. A copy of the Order dated August 9, 2022 is attached hereto as Exhibit 1.

18.     Judge Howe subsequently issued a second Order dated October 26, 2022 in Kimberly Bartenfelder v Thomas Bartenfelder, Case No. 12-C-17-000355, authorizing the disbursement of the $526,904.11 to four law firms, an expert witness and a "Domestic Attorney (to be hired)." A copy of the Order dated October 26, 2022 is attached hereto as Exhibit 2.

19.     Nothing in either of these Orders which authorize disbursements first to Debtor, and then to her various counsel, an expert witness and a "Domestic Attorney," either identifies or establishes a "court-established Fee Fund seeded by the Bartenfelder Companies" as claimed by BLG. The Orders provide for a **one-time** payment of disputed funds to Debtor; the Order then directs the Debtor and Wellens & Jablon to disburse the funds to Debtor's respective attorneys and expert witness. The payments were made from Debtor's funds and were not provided by the Bartenfelder Companies.

7

20.     At no time was a "Fee Fund "established by Court Order in any of Debtor's civil cases. The Orders entered on August 9, 2022 and October 26, 2022 by the Harford County Circuit Court make no reference to any "Fee Fund," and more importantly, impose no continuing obligation on either the Bartenfelder Companies or Thomas Bartenfelder to provide any additional payment for Debtor's legal fees.

21.     BLG also states that "[B]ecause the Appellate Court of Maryland ruled that the family businesses that source the fee fund must be joined to the present Harford County Circuit Court case in order to access their assets to replenish the fee fund, BLG's motions for permissive joinder of the family businesses and payment under the Agreement are presently pending before the Harford County Circuit Court. Exhibits F, G and H." Motion at p. 2.

22.     Thomas Bartenfelder has strongly opposed BLG's motions for joinder and payment of attorney's fees filed in the Harford County case. Specifically,  Thomas Bartenfelder  has filed his Opposition to BLG's Motion for Permissive Joinder (BLG's Exhibit F) and has asserted that this is BLG's "fourth motion"  seeking joinder in the Harford County case, and was filed "without substantial justification and in bad faith…" Opposition to Motion for Permissive Joinder at p.1 A copy of Thomas Bartenfelder's Opposition to Non-Party Baldwin Legal Group's, LLC's Motion for Permissive Joinder of Itself As Plaintiff is attached hereto as Exhibit 3. Pursuant to its Opposition, Mr. Bartenfelder further asserts that BLG's motion is "frivolous" and that there is "absolutely no legal authority to support the positions BLG is taking with this Honorable Court." Id.

23.      Thomas Bartenfelder also filed his Opposition to BLG's Motion for Payment of Unpaid Attorney's Fees Through Replenishment of Court-Established Fee Fund (BLG's Exhibit G) and has asserted that BLG's motion is "without substantial justification or a good faith basis," and that there is "no law in Maryland that permits" Debtor's former attorney "from obtaining the

relief it seeks…" Opposition at p.1. A copy of Thomas Bartenfelder's Opposition to Motion for Payment of Unpaid Attorney's Fees Through Replenishment of Court-Established Fee Fund is attached hereto as Exhibit 4.

24.    BLG has also included the Opinion issued by the Appellate Court of Maryland  in Thomas Bartenfelder v.Kimberly Bartenfelder, dated October 23, 2022 as Exhibit F to the Motion. Mr. Bartenfelder submits that the Opinion provides no basis or support for BLG's attempts to intervene in the Harford County case and compel the Bartenfelder Companies to pay Debrtor's attorney's fees. The Opinion addresses only **Debtor's** possible options with respect to payment of her attorney's fees by the Bartenfelder businesses and expresses deep skepticism regarding Debtor's ability to obtain such payment. See e.g., Opinion at p.14 ("For Landscape and Forge, neither Ms. Bartenfelder nor Mr. Bartenfelder has the unilateral ability to speak for the company. Their disagreement over whether the companies should pay Ms. Bartenfelder's ongoing fees leaves Landscape's and Forge's positions on the issue unaccounted for. And as for Sanitation, Ms. Bartenfelder's request for fees might present the kind of self-dealing transaction that would not survive business judgment scrutiny, particularly in the face of Mr. Bartenfelder's opposition. Thus, even if Ms. Bartenfelder has corporate control of Sanitation in general, she may not be able to exercise this control vis-a-vis her request for ongoing fees.")  Accordingly, Mr. Bartenfelder submits that nothing in the Appellate Court's Opinion supports or suggests any basis for BLG to intervene in the Harford County case and seek payment of its attorney's fees.

25.    Based upon the foregoing, BLG's request for termination of the automatic stay in order to seek "collection from the Fee Fund and not from Debtor's personal assets" is wholly without basis. BLG has no claim against the Bartenfelder Companies or Thomas Bartenfelder for any payment into a purported "Fee Fund." Further, BLG has no basis to impose Debtor's liability for her attorney's fees on either the Bartenfelder Companies or Thomas Bartenfelder. BLG's

request for relief from the automatic stay to pursue collection against the Bartenfield Companies in any pending civil case should therefore be summarily denied.

**(C)** **BLG's Assertion That It Is Seeking Payment of Attorney's Fees from a "Fee Fund" and Not From Personal Assets of the Debtor is Erroneous and Does Not Provide Cause for Relief from Stay or a Basis for Annulment, Waiver or Modification of the Automatic Stay.**

26.     As noted, BLG requests relief from the automatic stay to pursue payment from "from the Fee Fund and not from Debtor's personal assets." Motion at p. 2.

27.     As set forth in Section B, herein, no such "Fee Fund" was established or authorized in any of Debtor's Circuit Court cases. BLG's assertion that it is seeking relief from stay solely to pursue collection from a non-existent "Fee Fund" is wholly without merit.

28.     Mr. Bartenfelder further submits that any attempt by BLG to collect its attorney's fees from the Bartenfelder Companies is an action to obtain payment from asserted property of the estate. Debtor currently claims an interest in the Bartenfelder Companies. BLG, as a general unsecured non-priority creditor of the Debtor, has no basis to pursue collection of its unsecured claim against property of the estate. Any request by BLG for termination of the stay to pursue collection from the Bartenfelder Companies should therefore be denied.

**Conclusion and Requested Relief**

29.     Pursuant to its Motion, BLG fails to state a basis either for waiver, annulment or other modification of the automatic stay. Based upon the record in this case and its Motion, BLG is an unsecured creditor and asserts a pre-petition general unsecured non-priority claim against Debtor. BLG also alleges that Debtor failed to include its debt from her schedules, and that her "plan proposes not to pay BLG's claim." The alleged omission of BLG's unsecured non-priority claim from Debtor's Schedules or a purported intent not to pay BLG's claim does not establish cause to lift the stay. Any dispute regarding BLG's the allowance and payment of BLG's claim is

a matter to be adjudicated solely by the Bankruptcy Court. BLG's assertion that Debtor apparently disputes its general unsecured non-priority claim does not establish cause to grant relief from stay to proceed with civil collection actions and should be disregarded accordingly.

30.    BLG's assertion that it that it seeks collection of its claim "from the Fee Fund and not from Debtor's personal assets" is also without merit. As stated herein, there is no dispute that Debtor claims an ownership interest in the Bartenfelder Companies and that her purported interest in the businesses is therefore property of the estate. BLG's claim that it is not seeking payment from Debtor's personal assets, which include Debtor's interests in the Bartenfelder Companies, is therefore erroneous and should be rejected.

31.    Finally, BLG's assertion that it seeks relief from stay to collect from a "court-established Fee Fund seeded by the Bartenfelder Companies" is wholly without basis. As set forth herein, at no time was a "Fee Fund "established by any Court Order in any of Debtor's civil cases.

32.    BLG seeks relief from stay in order to collect the remaining balance of its attorney's fees as established by the Promissory Note. Payment of the Promissory Note, however, is **solely** the obligation of the Debtor. BLG has stated no basis for relief  from stay  to pursue collection of the Note from the Bartenfelder Companies.

33.    Based upon the foregoing, Mr. Bartenfelder submits that BLG's Motion states no basis or "cause" for waiver, annulment or other modification of the automatic stay. The appropriate forum for the adjudication and liquidation of BLG's general unsecured non-priority claim is this Court. BLG's Motion should be denied accordingly.

**WHEREFORE**, for the reasons stated above, Thomas Bartenfelder, Creditor, respectfully requests the following relief:

A.    That the Court deny Baldwin Legal Group's LLC's Motion for Relief from the Automatic Stay; and

**B.**      That Thomas Bartenfelder be granted such other and further relief as is just and

appropriate.

MCNAMEE, HOSEA, P.A

**/s/Janet M. Nesse**
Janet M. Nesse, Esq. (Fed. Bar No. 07804)
Christopher L. Hamlin, Esq. (Fed Bar No. 04597)
6404 Ivy Lane, Suite 820
Greenbelt, Maryland 20770
Telephone: (301) 441-2420
jnesse@mhlawyers.com
chamlin@mhlawyers.com

Attorneys for Thomas Bartenfelder, Creditor

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **8th day of January, 2026** a copy of the foregoing
Opposition to Baldwin Legal Group's LLC's Motion for Relief from the Automatic Stay, was
served electronically to those persons and entities entitled to receive Notice of Electronic Filing
on the Court's CM/ECF system, as follows:

- Rebecca A. Herr, Chapter 13 Trustee ecf@ch13balt.com

- Andrew Spivack, Esq. MDBKR@brockandscott.com

- William A. Grafton, Esq.  wgrafton@graftonfirm.com

- Randa Azzam, Esq. logsecf@logs.com

- Matthew J. McCarthy, Esq.  Mccarthy.legal.inc.@gmail.com

/s/ Christopher L. Hamlin__
Christopher L. Hamlin

12